UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derrick Hills,)
)
    Plaintiff,)
) Case: 1:17-cv-00690 (F-Deck)
v.) Assigned To : Unassigned
) Assign. Date : 4/18/2017
Scott Harris *et al.*,) Description: Pro Se Gen. Civil
)
    Defendants.)

MEMORANDUM OPINION

This action is before the court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction).

Plaintiff has sued the Clerk of the United States Supreme Court and one of his employees to whom plaintiff allegedly spoke about the status of his habeas corpus petition addressed to Justice Elena Kagan. *See* Compl. at 5 (page number supplied). Plaintiff has attached to the complaint correspondence from the Clerk's Office, which informed him that on February 13, 2017, Justice Kagan denied his application for bail pending disposition of the habeas petition, Ex. D, and that on February 27, 2017, the Court denied his habeas petition, Ex. E. Nevertheless, plaintiff wants this court to "convene an evidentiary hearing in order to deduce whether Associate Justice Kagan ever received the petition for writ of habeas corpus and, if the Court finds that Plaintiff's access to Justice Kagan was blocked, to sanction the Defendants." Compl. at 5.

1

The Supreme Court "has inherent [and exclusive] supervisory authority over its Clerk." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam). Therefore, "a lower court may [not] compel the Clerk of the Supreme Court to take any action." *Id.*; *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). In addition, the Supreme Court Clerk and his staff enjoy absolute immunity from a lawsuit based on actions, such as alleged here, that fall within the scope of their official duties. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: April 14, 2017

United States District Judge

J. Boasberg